IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **MERCEDES SANDERS,** *Plaintiff*, | § § § | |
| **v.** | § § § | **MO:25-CV-00292-DC-RCG** |
| **POWER RAY, LLC; JAREL RAY; NEFI LEBARON; JAYLAM RAY;** *Defendants.* | § § § § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT are Plaintiff Mercedes Sanders's ("Plaintiff") Motions to Remand to State Court. (Docs. 4, 24, 39).[1] This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of the Parties' briefing and the relevant law, the Court **RECOMMENDS** Plaintiff's initial Motion to Remand be **DENIED** (Doc. 4), and Plaintiff's subsequent Motions to Remand be **DENIED AS MOOT**. (Docs. 24, 39).

### I.    BACKGROUND

On May 27, 2025, Plaintiff filed this civil action for damages and other relief in the 238th District Court of Midland County, Texas. (Doc 1-1). On June 23, 2025, Defendants Power Ray, LLC; Nefi Lebaron; Jarel Ray; and Jaylam Ray ("Defendants") filed a Notice of Removal, asserting Plaintiff's Original Petition raised a federal question. (Doc. 1 at 2–3). Plaintiff has since filed multiple Motions to Remand spanning from June 24, 2025, to July 7, 2025, setting forth several grounds on which she argues removal was improper. (Docs. 4, 24, 39). Defendants have filed Responses. (Docs. 20, 30, 42). Consequently, the instant matter is ripe for disposition.

### II.    LEGAL STANDARD

---

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994)). A federal court therefore "cannot entertain cases unless authorized by the Constitution and legislation." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). As a result, a defendant may only remove a case if the district court has original jurisdiction through either diversity of citizenship or existence of a federal question. *WMS, LLC v. Allied Prop. & Cas. Ins.*, 244 F. Supp. 3d 567, 570 (W.D. Tex. 2017). If removed, however, a party may move to remand. *Hill Country Villas Townhome Owners' Assoc., Inc. v. Everest Indem. Ins.*, No. 19-CV-0936, 2020 WL 373375, at *2 (W.D. Tex. Jan. 23, 2020) (citing 28 U.S.C. § 1447(c)). On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "On a motion to remand, the removing party bears the burden of establishing that one of the bases of [federal] jurisdiction exists, and that the removal was not procedurally defective." *WMS*, 244 F. Supp. 3d at 570. To establish federal jurisdiction through diversity of citizenship, the amount in controversy must exceed $75,000 and the parties must be completely diverse. 28 U.S.C. § 1332(a).

A party may move to remand a previously removed case under 28 U.S.C. § 1447(c) based on a procedural defect. "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Medina v. Allstate Vehicle & Prop. Ins.*, 458 F. Supp. 3d 591, 593 (W.D. Tex. 2020) (quoting *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)). "Any ambiguities are construed against removal and in favor of remand to state court." *Id.* (quoting *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013)). "The removing

party has the burden to show 'that federal jurisdiction exists and that removal was proper.'" *Id.* (quoting *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014)).

### III.    DISCUSSION

The Court first notes it is unnecessary and undesirable for litigants to file duplicative motions as Plaintiff did here. (*See* Docs. 4, 24, 39). "Litigants should wait for the Court to resolve a pending motion prior to filing a renewed motion that requests exactly the same relief." *Gevas v. Ryker*, No. 10–CV–0493, 2011 WL 13585696, at *2 (S.D. Ill. Aug. 5, 2011). Accordingly, as Plaintiff's multiple pending Motions to Remand are substantially similar in substance (*See* Docs. 4, 24, 39), the Court confines its analysis to Plaintiff's initial Motion to Remand (Doc. 4).

In her original Motion to Remand, Plaintiff raises several reasons as to why removal was procedurally defective, arguing: (1) Defendant Jaylam Ray failed to properly consent to removal; (2) § 1446(d)'s "prompt notice requirement" was violated; (3) it was executed in bad faith to delay proceedings and avoid default judgment; and (4) no federal jurisdiction exists. (Doc. 4). In contrast, Defendants argue Defendant Jaylam Ray properly joined in the removal, they complied with 28 U.S.C. § 1446(d)'s procedural requirements, and the requirement to exhaust administrative is not a jurisdictional bar to suit. (*See* Doc. 20). The Court has considered each of Plaintiff's alleged grounds for remand and finds Defendants' removal was proper for the reasons discussed below.

#### A. Consent to Removal

In her Motion, Plaintiff first argues Defendant Jaylam Ray failed to properly consent to removal rendering removal procedurally defective. (Doc. 4 at 2). The procedure governing removal is found in 28 U.S.C. § 1446. Under § 1446(b), notice of removal must be filed within

thirty days of a defendant's receipt of service. While not stated explicitly in the statute, in cases with multiple served defendants, all defendants must consent to removal prior to the expiration of the thirty-day period. *Gillis v. Louisiana,* 294 F.3d 755, 759 (5th Cir. 2002). This requirement is frequently referred to as the "rule of unanimity." *Spoon v. Fannin Cnty. Cmty. Supervision & Corr. Dep't*, 794 F. Supp. 2d 703, 705 (E.D. Tex. 2011). If the removing parties fail to comply with the rule of unanimity, the plaintiff may move for remand within thirty days of removal. 28 U.S.C. § 1447(c).

Plaintiff specifically argues Defendants' removal lacks unanimity because "[n]o written consent from Jaylam Ray was filed or attached." (Doc. 4 at 2). Therefore, Plaintiff argues the removal is defective, and the case must be remanded to state court. *Id.* at 5. Defendants respond by arguing: (1) at the time of removal, Defendant Jaylam Ray had not been properly served and thus was not required to consent and (2) even if he were, the undersigned counsel in the Notice of Removal represents all Defendants and consented on his behalf. (Doc. 20 at 4).

The Court agrees Defendant Jaylam Ray had not been properly served at the time of removal and thus was not required to consent. (*See* Doc. 1-1 at 97–98). Even if Defendant Jaylam Ray had been served, the Fifth Circuit has stated "[w]hile it may be true that consent to removal is all that is required under section 1446 . . . this does not mean that each defendant must sign the original petition for removal." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). Rather, "there must be some timely filed written indication . . . from some person or entity purporting to formally act on [Defendant's] behalf in this respect and to have authority to do so, that [Defendant] has actually consented to such action." *Id.* This principle applies regardless of whether each defendant had been formally served at the time of removal. *Serafini v. Sw. Airlines Co.*, 485 F. Supp. 3d 697, 702 (N.D. Tex. 2020)

4

("[T]he Fifth Circuit also does not require service before removal."). In this case, Attorney Eric

G. Carlson entered an appearance on behalf of all Defendants and signed the Notice of Removal.

(Doc. 1 at 3). Accordingly, because counsel of record expressly represented all Defendants in the

filing, Defendant Jaylam Ray's consent to removal was properly established. *See Mauldin v.*

*Allstate Ins.*, 757 F. App'x 304, 309 (5th Cir. 2018) ("There is no requirement that [Defendant]

actually sign the petition for removal.").

### B. Section 1446(d)'s Prompt Notice Requirement

Plaintiff further alleges Defendants' removal violated § 1446(d)'s prompt notice

requirement because the "removal notice was filed at the last moment." (Doc. 4 at 2). Section

1446(d) provides:

> Promptly after the filing of such notice of removal of a civil action
> the defendant or defendants shall give written notice thereof to all
> adverse parties and shall file a copy of the notice with the clerk of
> such State court, which shall effect the removal and the State court
> shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d). Although § 1446(d) does not define "promptly," remand may be

appropriate "when there is undue delay" in filing the copy of the notice of removal. *Nixon v.*

*Wheatley*, 368 F. Supp. 2d 635, 640 (E.D. Tex. 2005). In the context of § 1446(d), however, "the

word 'promptly' has not been construed to mean simultaneously." *See id*. (holding a twenty-two

day delay between filing the notice of removal in federal court and filing a copy in state court

was sufficiently prompt). Moreover, filing a copy of the notice of removal in state court is a

procedural act, and failure to do so does not defeat the federal court's jurisdiction. *See Dukes v.*

*S.C. Ins.*, 770 F.2d 545, 547–48 (5th Cir. 1985); *Poly Prods. Corp. v. AT&T Nassau Metals, Inc.*,

839 F. Supp. 1238, 1240 (E.D. Tex. 1993). "[F]ederal jurisdiction commences when the

defendant files the notice of removal with the district court, and filing the notice with the state

clerk affects the state's jurisdiction rather than federal jurisdiction." *Nixon*, 368 F. Supp. 2d at 640 (citing *Parker v. Malone,* No. Civ. A. 03CV00742, 2004 WL 190430, at *1 (W.D. Va. Jan. 15, 2004)).

Here, Defendants filed their Notice of Filing Notice of Removal in state court only eighteen minutes after filing the Notice of Removal in this Court. (Docs. 8 at 21; 20 at 3). Although Plaintiff contends § 1446(d)'s prompt notice requirement was violated because the removal notice was served "at the last moment" (Doc. 4 at 2), the statute's purpose is to ensure adverse parties and the state court are promptly informed of the removal—not to penalize parties for removing near the end of the statutory window. *See Nixon*, 368 F. Supp. 2d at 640. An eighteen-minute delay does not frustrate that purpose. Accordingly, the Court finds Defendants acted promptly within the meaning of § 1446(d), and remand based on an alleged delay in filing the notice of removal in state court is unwarranted.

## C. Bad Faith Removal

Plaintiff next argues removal was executed in bad faith to delay proceedings and avoid a default judgment, citing *Brown v. Demco*, 792 F.2d 478 (5th Cir. 1986), in support. (Doc. 4 at 3). Plaintiff's reliance on *Brown* is misplaced. In *Brown*, the Fifth Circuit considered whether a defendant joined four years after the lawsuit's commencement could remove when joined outside the initial thirty-day removal period. *Brown*, 792 F.2d at 481. Nothing in *Brown* addresses removal undertaken to avoid default. In fact, the Fifth Circuit has explicitly recognized a defendant in default in state court may nonetheless remove the case to federal court. *See Azzopardi v. Ocean Drilling & Expl. Co.*, 742 F.2d 890, 895 (5th Cir. 1984) (affirming district court's decision to set aside a state court default judgment where the defendant removed nine days after the default and presented meritorious defenses in federal court). Thus, Plaintiff's

6

reliance on *Brown* is misplaced, and the record provides no basis to infer bad faith in Defendants' removal.

### D. Federal Jurisdiction

Finally, Plaintiff argues removal was improper because her Complaint does not provide a basis for federal jurisdiction. A defendant may remove a civil action properly filed in state court only if this court would have had original jurisdiction in the case. 28 U.S.C. § 1441(a). Original "federal question" jurisdiction exists only if the action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The task of determining the existence or nonexistence of a federal question in a particular case always begins with the time honored "well-pleaded complaint" rule. *Louisville and Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908); *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). The plaintiff is the master of her claim and may choose to assert only claims arising under state law, foregoing other theories of recovery which might be federal in nature. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 (1986); *Carpenter*, 44 F.3d at 366. If a plaintiff's pleadings assert a viable claim under state law, she can avoid removal by the defendant. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391 (1987); *Carpenter*, 44 F.3d at 367.

In the instant case, Plaintiff asserts claims for: (1) spoliation of evidence; (2) retaliation under Texas Labor Code § 451.001; (3) OSHA retaliation under 29 U.S.C. § 660(c); (4) retaliation under Title VII, 42 U.S.C. § 2000e-3(a); (5) wrongful termination in violation of public policy; and (6) "Pattern of Concealment and Spoliation of Evidence." (Doc 1-1). The enforcement provisions of Title VII provide "[e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter." *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820,

823 (1990) (citing 42 U.S.C. § 2000e-5(f)(3)). And although Plaintiff contends federal question jurisdiction does not exist because she has not filed a Title VII charge with the Equal Employment Opportunity Commission (Doc. 4 at 3), "Title VII's administrative exhaustion requirement is not a jurisdictional bar to suit." *Davis v. Fort Bend County*, 893 F.3d 300, 306 (5th Cir. 2018), *aff'd sub nom*, 587 U.S. 541 (2019). Because one of Plaintiff's claims arises under a federal statute, this Court has original jurisdiction over that claim, and thus the whole case is removable.

## IV.     RECOMMENDATION

In accordance with the discussion above, the undersigned **RECOMMENDS** Plaintiff's Motion to Remand be **DENIED** (Doc. 4), and Plaintiff's subsequent Motions to Remand be **DENIED AS MOOT**. (Docs. 24, 39).

SIGNED this 22nd day of October, 2025.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).