IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **MERCEDES SANDERS,** *Plaintiff*, | § § § |
| v. | § § MO:25-CV-00292-DC-RCG |
| **POWER RAY, LLC; JAREL RAY; NEFI LEBARON; and JAYLAM RAY;** *Defendants*. | § § § § |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Defendants Power Ray, LLC; Jarel Ray; Nefi Lebaron; and Jaylam Ray's ("Defendants") Motion to Dismiss. (Doc. 17).[1] This case is before the Court through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of the Parties' briefs and the case law, the Court **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED**. (Doc. 17).

### I. BACKGROUND

On May 27, 2025, Plaintiff Mercedes Sanders ("Plaintiff"), a former Human Resources Manager at Power Ray, LLC, filed this civil action in the 238th District Court of Midland County, Texas, asserting claims for workplace retaliation and wrongful termination. (Doc 1-1). The case was removed to this Court on June 23, 2025. (Doc. 1). Following removal, Plaintiff filed multiple Motions to Remand (Docs. 4, 24, 39), all of which the Court denied (Doc. 81). Accordingly, Defendants' Motion to Dismiss is now properly before this Court. (Doc. 17).

The Complaint arises from a series of workplace incidents beginning on April 27, 2025, when an employee, Gerardo Rubalcaba ("Rubalcaba"), was nearly struck by a heavy industrial machine allegedly operated by an uncertified worker. *Id.* at 11. Despite witness accounts

---
1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

indicating the incident could have resulted in serious injury or death, no safety report was filed, and Rubalcaba was instead suspended and docked pay. *Id.* Over the next few days, Plaintiff investigated the unreported near-miss and reported it to the safety director. *Id.* Plaintiff and another employee, Mario Bustillos, allegedly faced verbal hostility and retaliation from management after facilitating the report. *Id.* at 11–12. When Plaintiff attempted to formally discipline the project manager involved, company ownership intervened and directed her to drop the investigation. *Id.* at 12. Plaintiff withdrew from the investigation on May 4, 2025, and was terminated the following day. *Id.* Shortly thereafter, she issued preservation notices and a demand letter to Defendants and filed an OSHA complaint. *Id.* On June 23, 2025, Defendants removed the case to this Court. (Doc. 1).

Based on these allegations, Plaintiff brings claims against Defendants for: (1) OSHA retaliation pursuant to 29 U.S.C. § 660(c); (2) retaliation under Title VII, 42 U.S.C. § 2000e-3(a); (3) "Pattern of Concealment and Spoliation of Evidence"[2]; (4) retaliation under Texas Labor Code § 451.00; and (5) wrongful termination. (Doc. 1-1). On June 6, 2025, Defendants filed the instant Motion to Dismiss arguing Plaintiff fails to state a claim as to each cause of action. (Doc. 17). Plaintiff and Defendants timely filed their respective responses (Docs. 27, 38), and the matter is now ripe for disposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

---

2. There appears to be no meaningful distinction between Plaintiff's "Spoliation of Evidence" and "Pattern of Concealment and Spoliation of Evidence" claim. (Doc. 1-1 at 14–15). Accordingly, the Court construes them collectively as a single claim.

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

### III. DISCUSSION

Defendants move to dismiss under Rule 12(b)(6) Plaintiff's claims for: (1) OSHA retaliation; (2); Title VII retaliation; (3) "Pattern of Concealment and Spoliation of Evidence"; (4) retaliation under the Texas Labor Code; and (5) wrongful termination. (Doc. 17). The Court addresses each claim in turn below.

#### A. OSHA Retaliation

Defendants argue Plaintiff's OSHA retaliation claim under 29 U.S.C. § 660(c) should be dismissed because that "section of OSHA does not create a private right of action." (Doc. 17 at 5). The Court agrees. § 660(c) of OSHA provides:

> (1) No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter.
>
> (2) Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary alleging such discrimination. Upon receipt of such complaint, the Secretary shall cause such investigation to be made as he deems appropriate. If upon such investigation, the Secretary determines that the provisions of this subsection have been violated, he shall bring an action in any appropriate United States district court against such person. In any such action the United States district courts shall have jurisdiction, for cause shown to restrain violations of paragraph (1) of this subsection and order all appropriate relief including rehiring or reinstatement of the employee to his former position with back pay.
>
> (3) Within 90 days of the receipt of a complaint filed under this subsection the Secretary shall notify the complainant of his determination under paragraph (2) of this subsection.

29 U.S.C. § 660(c)(1)-(3).

Here, Plaintiff alleges retaliation in violation of 29 U.S.C. § 660(c) based on her engagement in protected activity. (Doc. 1-1 at 15). However, the Fifth Circuit has explicitly held § 660(c) of OSHA does not provide a private right of action for retaliation by a private employer. *George v. Aztec Rental Ctr. Inc.*, 763 F.2d 184, 186 (5th Cir. 1985); *See Longhorn Integrity Inspection Servs., LLC v. McCurdy*, 738 F. App'x 273, 274 (5th Cir. 2018) (per curiam) (citing *George*, 763 F.2d at 186) ("[W]e agree with the district court that there is no private right of action under OSHA's [retaliation] provision, 29 U.S.C. § 660(c)."). Thus, because § 660(c) does not create a private right of action, Plaintiff has failed to state a claim upon which relief can be granted. *See Haddix v. CentraSol, LLC*, No. 20-CV-1995, 2021 WL 3476811, at *1 (N.D. Tex. July 21, 2021), *R. & R. adopted*, 2021 WL 3475562 (N.D. Tex. Aug. 6, 2021) (recognizing Rule 12(b)(6) as the proper vehicle to dismiss a private attempt to sue under OSHA's retaliation provision).

Accordingly, the Court **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED** as to Plaintiff's OSHA retaliation claim (Doc. 17), and the claim be **DISMISSED WITH PREJUDICE**.

B. **Title VII Retaliation**

Plaintiff next brings a retaliation claim under Title VII, asserting her termination after opposing discriminatory conduct was unlawful. (Doc. 1-1). To plead a Title VII retaliation claim, a plaintiff must allege (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action. *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000). Before pursuing a Title VII claim in federal court, however, a plaintiff must first exhaust available administrative remedies. *See Taylor v. Books A Million, Inc.,* 296 F.3d 376,

378–79 (5th Cir. 2002). Exhaustion occurs when an individual files a timely complaint with the EEOC, her claim is dismissed by that agency, and the agency informs her of her right to sue in federal court. *Id.* at 379.

Here, Plaintiff does not allege she filed an EEOC charge, the EEOC dismissed any such charge, or she received a right-to-sue letter. *See Kenyon v. Riverhill Country Club, Inc.*, No. 08-CA-65, 2008 WL 11334936, at *4 (W.D. Tex. Aug. 15, 2008) (finding the complaint deficient for failing to address administrative exhaustion). Indeed, Plaintiff expressly admits she "has not filed a Title VII charge with the EEOC" and "has not received a right-to-sue letter." (Doc. 4 at 3).[3] Because Plaintiff failed to exhaust her administrative remedies, her Title VII retaliation claim should be dismissed. *See Brown v. Def. Commissary Agency*, No. 22-CV-00349, 2023 WL 4980560, at *2 (W.D. Tex. Aug. 3, 2023), *R. & R. adopted*, 2023 WL 5436351 (W.D. Tex. Aug. 22, 2023) (recognizing Rule 12(b)(6) as the proper vehicle for dismissal where a plaintiff fails to exhaust administrative remedies under Title VII).

Accordingly, the Court **RECOMMENDS** Defendants' Motion to Dismiss as to Plaintiff's claim of Title VII retaliation be **GRANTED** (Doc. 17), and the claim be **DISMISSED WITH PREJUDICE**.

### C. Plaintiff's State Law Claims

---

3. Plaintiff's admission appears in her Motion to Remand (Doc. 4) rather than her Original Petition. However, courts may take judicial notice of prior court filings when such filings provide context or establish undisputed facts. *See, e.g.*, *Alcala v. Texas Webb Cty.*, 625 F. Supp. 2d 391, 412 n.6 (S.D. Tex. 2009) ("Courts have taken judicial notice of official court records and proceedings in other state or federal court cases"); *Sanchez v. Great Am. Ins.*, No. 20-CV-699, 2020 WL 5948268, at *4 n.2 (W.D. Tex. Oct. 7, 2020), *R. & R. adopted*, 2020 WL 6545979 (W.D. Tex. Oct. 26, 2020); Fed. R. Evid. 201(b)(2) & (c)(2).

6

In addition to Plaintiff's two federal claims, she also brings three state law claims. (*See* Doc. 1-1). Having determined Plaintiff's federal claims should be dismissed, the Court finds exercising supplemental jurisdiction over the remaining state law claims not appropriate.

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A federal court can only entertain cases that fall within its original jurisdiction. There are two avenues for original jurisdiction: federal question and diversity of citizenship. As provided in Defendants' Notice of Removal, federal question jurisdiction applies when the action arises under the United States Constitution or federal statutory law. 28 U.S.C. § 1331. Diversity of citizenship is implicated when a citizen of one state sues a citizen of another state and the amount in controversy is more than $75,000. *Id*. § 1332. The party asserting jurisdiction has the burden of establishing it. *McMahon v. Fenves*, 946 F.3d 266, 279 (5th Cir. 2020). Here, as the party removing the case to federal court, the burden lies with Defendants to establish federal jurisdiction is proper.

When a plaintiff brings multiple claims and some are within the court's original jurisdiction and some are not, supplemental jurisdiction may apply. A court has supplemental jurisdiction over state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998) (citing 28 U.S.C. § 1367(a)). Because supplemental claims are not within the Court's original jurisdiction, when the Court dismisses all claims over which it has original jurisdiction, it has broad discretion to decline supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Burkett v. City of El Paso*, 513 F. Supp. 2d 800, 823 (W.D. Tex. 2007) ("When a district court has dismissed all federal claims from a

7

cause before trial, the general rule in our Circuit directs district courts to decline to exercise supplemental jurisdiction over supplemental state law claims.").

Here, Defendants assert federal question jurisdiction based on Plaintiff's invocation of 29 U.S.C. § 660(c) and 42 U.S.C. § 2000e-3(a), alleging discriminatory discharge for reporting unsafe working conditions, as well as discriminatory hiring practices and noncompliance with federal employment laws. (Doc. 1 at 2). For the reasons explained above, the Court recommends dismissal of these claims. Thus, only Plaintiff's state law claims remain, and the Court may exercise its discretion and decline supplemental jurisdiction over Plaintiff's remaining state law claims.

Accordingly, the undersigned **RECOMMENDS** the District Judge **DECLINE** to exercise supplemental jurisdiction over Plaintiff's state law claims. Nevertheless, in the interest of thoroughness, the Court will analyze each of Plaintiff's state law claims.

1. **"Pattern of Concealment and Spoliation of Evidence"**

Plaintiff asserts a claim for spoliation of evidence alleging "Defendants failed to preserve evidence despite receiving two preservation notices." (Doc. 1-1 at 14). Under Texas law, however, "spoliation is an evidentiary concept rather than a separate cause of action." *Brookshire Bros. v. Aldridge*, 438 S.W.3d 9, 18 (Tex. 2014). Federal courts within this Circuit have likewise noted spoliation is not an independent cause of action. *See, e.g.*, *Smith v. Chrysler Grp., LLC*, No. 15-CV-218, 2016 WL 7741733, at *3 n.3 (E.D. Tex. Apr. 8, 2016) ("[S]poliation is an evidentiary concept, not a separate cause of action."); *Johnson v. Dodson*, No. 14-CV-00059, 2014 WL 4513380, at *4 (N.D. Tex. Sept. 12, 2014) ("[C]ourts do not recognize [spoliation] as an independent tort."); *In re Enron Corp. Sec., Derivative & Erisa Litig.*, 762 F. Supp. 2d 942, 964 n.10 (S.D. Tex. 2010) ("The Court notes . . . Texas does not recognize spoliation as an

independent tort cause of action."). Because Texas does not recognize spoliation of evidence as an independent tort or cause of action, Plaintiff's claim fails as a matter of law and should be dismissed. *See Johnson*, 2014 WL 4513380, at *4 (recognizing Rule 12(b)(6) as the proper vehicle to dismiss a claim for spoliation of evidence).

Accordingly, the Court **RECOMMENDS** Defendants' Motion to Dismiss as to Plaintiff's claim of spoliation of evidence be **GRANTED** (Doc. 17), and the claim be **DISMISSED WITH PREJUDICE**.

### 2. Retaliation Under Texas Labor Code

Plaintiff next asserts a claim for retaliation under Texas Labor Code § 451.001. (Doc. 1-1 at 15). Section 451.001 prohibits an employer from discharging or otherwise discriminating against an employee for engaging in certain protected activities related to the Texas Workers' Compensation Act. TEX. LAB. CODE § 451.001. Specifically, the statute protects employees who, in good faith: (1) filed a workers' compensation claim; (2) hired a lawyer to represent the employee in a claim; (3) instituted or caused to be instituted a proceeding under Subtitle A[4]; or (4) testified or is about to testify in a proceeding under Subtitle A. *Id.* In enacting this law, the Texas Legislature sought to protect employees who are entitled to benefits under the workers' compensation law and to prevent employers from firing them for taking steps to collect benefits. *Carnation Co. v. Borner,* 610 S.W.2d 450, 453 (Tex. 1980).

In this case, Plaintiff alleges Defendants terminated her employment in retaliation for reporting safety violations. (Doc. 1-1 at 15). Even liberally construing her pleadings, Plaintiff does not allege she filed a workers' compensation claim, hired a lawyer to represent her in a workers' compensation claim, instituted or caused to be instituted a proceeding under the Texas

---

3. Subtitle A of the Texas Labor Code encompasses the Texas Workers' Compensation Act. Proceedings under this subtitle concern matters such as arbitration, contested case hearings, and other disputes arising from workers' compensation claim—none of which are implicated in this matter.

Workers' Compensation Act, or testified or is about to testify in a proceeding under the Texas Workers' Compensation Act. Because the conduct she describes does not fall within the scope of § 451.001, Plaintiff has not stated a viable claim for workers' compensation retaliation.

Accordingly, the Court **RECOMMENDS** Defendants' Motion to Dismiss as to Plaintiff's claim of retaliation under the Texas Labor Code be **GRANTED** (Doc. 17), and the claim be **DISMISSED WITHOUT PREJUDICE**.

### 3. Wrongful Termination

Lastly, Plaintiff asserts a claim for wrongful termination in violation of public policy. (Doc. 1-1 at 15). Under Texas law, however, at-will employees are only protected from being terminated for refusing to commit an act carrying criminal penalties. *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985); *See Robinson v. The Devereux Found.*, No. 14-01-00081-CV, 2002 WL 1315631, at *2 (Tex. App.—Houston [14th Dist.] June 6, 2002, pet. denied) ("The longstanding rule in Texas is that employment for an indefinite term may be terminated at will and without cause."). Thus, to succeed on a wrongful termination claim, Plaintiff must show (1) she was required to commit an illegal act—one carrying criminal penalties; (2) she refused to engage in the illegality; (3) she was discharged; and (4) the only reason for the discharge was the refusal to commit an unlawful act. *Bridges v. Houston Methodist Hosp.*, 543 F. Supp. 3d 525, 526 (S.D. Tex. 2021), *aff'd sub nom.*, 2022 WL 2116213 (5th Cir. June 13, 2022).

Here, Plaintiff does not allege she was instructed to engage in any unlawful act, that she refused to do so, or that her discharge resulted from such a refusal. Because those elements are essential to a wrongful termination claim based on public policy, her claim fails as a matter of law and should be dismissed.

Accordingly, the Court **RECOMMENDS** Defendants' Motion to Dismiss as to Plaintiff's claim of wrongful termination be **GRANTED** (Doc. 17), and the claim be **DISMISSED WITHOUT PREJUDICE**.

### IV.  RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED**. (Doc. 17).

First, the Court **RECOMMENDS** Plaintiff's OSHA retaliation claim and Title VII retaliation claim be **DISMISSED WITH PREJUDICE**. Because the Court recommends Plaintiff's federal claims be dismissed, the Court also **RECOMMENDS** the District Judge **DECLINE** to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. The state law claims should be **DISMISSED WITHOUT PREJUDICE**, except for the "Pattern of Concealment and Spoliation of Evidence" claim, which should be **DISMISSED WITH PREJUDICE**, as Texas does not recognize spoliation as an independent cause of action.

Alternatively, if this Report and Recommendation is not adopted as to the federal claims, the Court **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED** as to Plaintiff's state law claims of (1) "Pattern of Concealment and Spoliation of Evidence"; (2) retaliation under Texas Labor Code; and (3) wrongful termination. (Doc. 17). The "Pattern of Concealment and Spoliation of Evidence" claim should again be **DISMISSED WITH PREJUDICE**, and the remaining state law claims should be **DISMISSED WITHOUT PREJUDICE.**

SIGNED this 20th day of November, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).