**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **MERCEDES SANDERS,**<br>            *Plaintiff,* | § § § § § § § § § § § § | |
| **v.** | | **MO:25-CV-00292-DC** |
| **POWER RAY, LLC, JAREL RAY,<br>NEFI LEBARON, JAYLAM RAY,**<br>            *Defendants.* | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

BEFORE THE COURT is the report and recommendation from United States Magistrate Judge Ronald C. Griffin (Doc. 84) concerning Defendants Power Ray, LLC; Jarel Ray; Nefi Lebaron; and Jaylam Ray's ("Defendants") Motion to Dismiss (Doc. 17). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Magistrate Judge Griffin issued his report and recommendation on November 11, 2025. As of the date of this Order, neither party has filed objections.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy and, in doing so, secure *de novo* review by the district court. When no objections are timely filed, a district court reviews the magistrate judge's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because no party has

filed timely objections, the Court reviews the Report and Recommendation for clear error and finds none.

As a result, the Motion to Dismiss is **GRANTED** in its entirety. Plaintiff's OSHA retaliation claim and Title VII retaliation claim are **DISMISSED WITH PREJUDICE**. The Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. The state law claims are **DISMISSED WITHOUT PREJUDICE**, except for the "Pattern of Concealment and Spoliation of Evidence" claim, which is **DISMISSED WITH PREJUDICE**, as Texas does not recognize spoliation as an independent cause of action.

With that, all claims in this case have been resolved. An order of final judgment will issue subsequent to this order. All other pending motions are **DENIED AS MOOT**.

It is so **ORDERED**.

SIGNED this 6th day of December, 2025.

DAVID  COUNTS
UNITED STATES DISTRICT JUDGE